22-227-cv
*Neri v. Abi*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-three.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> JOSEPH F. BIANCO,
>
> *Circuit Judges.*

---

MARCOS LEON NERI,

> *Plaintiff-Appellee,*                                                22-227-cv

> v.

ABI JAPANESE RESTAURANT, INC., DBA ABI SUSHI,
ABUMI JAPANESE CUISINE INC., KUN LIN CHEN,
> *Defendants-Appellants.**

---

**FOR PLAINTIFF-APPELLEE:**                     Zhou Wang, New York, NY.


**FOR DEFENDANTS-APPELLANTS:**          David Stein, Stein & Nieporent LLP, New York, NY.

---

* The Clerk of Court is directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Eastern District of New York. (Margo K. Brodie, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered on November 30, 2021, be and hereby is **AFFIRMED**.

On February 2, 2020, Plaintiff-Appellee Marcos Leon Neri filed a complaint against his former employers under the Fair Labor Standards Act ("FLSA") and the closely related New York Labor Law ("NYLL"). App'x 1. At the close of discovery, Plaintiff filed for summary judgment, *id.* at 230, and the District Court granted the Plaintiff's unopposed motion in a carefully reasoned 32-page Memorandum & Order, awarding damages of $102,154.56 to Neri. *Id.* at 264. On appeal, Neri alleges that the District Court erred in awarding damages for Neri's employment from before February 2, 2017, because the FLSA has only a three-year statute of limitations where—as here—the District Court found that Defendants' violation was willful. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We reject Defendants' contention for two independently adequate reasons. First, they failed to raise this statute of limitations defense below, and "it is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). Second, even reviewing the grant of summary judgment *de novo*, *Brody v. Vill. of Port Chester*, 345 F.3d 103, 108 (2d Cir. 2003), the District Court made no error because it awarded damages for the pre-February 2, 2017 period under the NYLL, which contains a six-year statute of limitations. *See* App'x 245, 252. Thus, Defendants lack any basis for a reversal or vacatur of the District Court's grant of summary judgment.

## CONCLUSION

We have reviewed all of the arguments raised by Defendants on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk